S. W. ROBINSON *v.* J. G. WHITE, &c.

Contracts—Consideration—Wife's Use of Part, for Necessaries.

A contract, providing for the sale of tobacco to reimburse a surety, with a provision for a return of $200.00 to a wife who signed same, held that the refund of the $200,000 to the wife was a sufficient consideration to uphold the contract.

APPEAL FROM GREEN CIRCUIT COURT.

June 13, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

J. G. White, as principal, and S. W. Robinson, as his surety, were indebted to R. L. Moore in the sum of $969.20 with interest from the 25th of December, 1861, for which Moore recovered a judgment, which the defendants replevied. An execution issued on the replevin bond was levied on a quantity of tobacco as the property of J. G. White; but the sale of the tobacco was suspended at the instance of W. P. White, who claimed the tobacco and executed bond therefor according to the requirements of section 713, of the Civil Code of Practice. On a motion of Moore prosecuted upon said claimant's bond, he recovered a judgment for $480, the estimated value of the tobacco, and $48 damages amounting together to $528, and the court ordered that it be applied as a credit on the original debt or, that the plaintiff might at his election, proceed to sell the tobacco under the levy of his execution, and he being about to pursue the latter course, a contract, which is the foundation of this action, was entered into by said Robinson and J. G. White and W. P. White, and Elizabeth White, the wife of J. G. White, reciting that the judgment of Moore was "upon a note for necessaries furnished Elizabeth White, wife of said J. G. White, and her family," and stipulating as follows, "that said J. G. White, Elizabeth White and William P. White shall go and prepare said tobacco for market and when ready, turn the same over to said Samuel Robinson for sale in the Louisville market, and the proceeds to

be applied, in payment of the judgment of five hundred and twenty-eight dollars, and costs first above mentioned and if there is any excess, the same to the amount of two hundred dollars, to be paid over to the said Elizabeth White, and the residue of the proceeds, if any, is to go as a credit on the original judgment or replevin bond in favor of said Moore, and the said J. G. White, Elizabeth White and William P. White, hereby bind themselves to pay off and discharge whatever balance there may be coming to said Moore on his said original debt."

Afterwards, on the 2nd day of July, 1864, Robinson paid Moore $1227.07 in satisfaction of his debt, and he subsequently brought this suit against said J. G. and W. P. White, and the heirs of said Elizabeth White, who had died, and others, for the purpose of subjecting a tract of about 386 acres of land, which said Elizabeth derived by devise from her father, P. W. Vaughn, deceased, or so much thereof as necessary, to the payment of a balance of the amount paid Moore, the plaintiff admitting that he had received $1000, as the proceeds of the tobacco, but claiming to have paid $200 thereof to Mrs. White according to the contract.

The action was defended by the heirs of Elizabeth White, and by Alfred Anderson, a mortgagee of part of them; and the court on a hearing of the cause, dismissed the petition, and the plaintiff has appealed to this court.

It is argued that the will of P. W. Vaughn did not vest a fee simple title to the land in Mrs. White but we are of the opinion that it did. But considering that she had a general estate in the land which, under article 2 of chapter 47, of the revised statutes, she might render liable for a debt jointly contracted by herself and husband for necessaries, we do not think the sum recited in the contract with Robinson that the debt to Moore was for necessaries was conclusive of that fact, and she or her heirs might show as we think the latter have in this case, that the debt to Moore was not such as she could become bound for by a simple contract. But Robinson having the right to subject the whole of the tobacco to the payment of Moore's debt or to reimburse himself in the amount he should have to pay thereon, we regard the contract providing for the payment to Mrs. White of $200, obviously to enable her to buy necessaries, and which was used for that purpose, as the evidence shows, as a sufficient consideration for her undertaking to indemnify or reimburse Robinson to that

extent. It seems that about the sum of two hundred dollars of the price of the tobacco, including part of the price of an inferior hogshead sold by White, was used to buy necessaries, and was not repaid to Robinson and we are of the opinion it was under the contract a valid charge on the general estate of Mrs. White, and to that extent the plaintiff was entitled to relief.

Wherefore the judgment is reversed and the cause remanded for a judgment consistent with this opinion.

*Rodman & Chelf, for appellant.*

*Spencer, for appellees.*